IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH JAY RANEY, SR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA

OPINION and ORDER

15-cv-663-wmc
15-cv-639-wmc
15-cv-782-wmc
12-cr-100-wmc

Kenneth Jay Raney, Sr. has filed several motions in his various open cases challenging his criminal convictions, sentences, revocation of supervised release, and resentencing. They are resolved as discussed below.[1]

PROCEDURAL HISTORY

I.     **Original Challenges to Convictions**

Raney was originally sentenced in the Northern District of Illinois on April 23, 2002, following convictions for: (1) transportation with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b); and (2) attempt to manufacture child pornography in violation of 18 U.S.C. § 2251(a). The Court of Appeals for the Seventh Circuit affirmed the conviction on direct appeal. *United States v. Raney*, 342 F.3d 551 (7th Cir. 2003). Raney then filed a motion under 28 U.S.C. § 2255 seeking to vacate his

---

[1] The court is aware that Raney will soon complete his term of supervised release, which will moot many of the arguments he raises in his motions. *See United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001) (holding that a challenge to a sentence is moot when the defendant has already been released from prison and "it is legally impossible to shorten the term of supervised release"). Nonetheless, the court has endeavored to address all of Raney's claims so that he may have at least one level of judicial review of his claims.

1

conviction, which was rejected by the Northern District of Illinois on August 25, 2004. *United States v. Raney*, No. 03-cv-2708, 2004 WL 2056222 (N.D. Ill.). Raney did not pursue an appeal on his § 2255 motion.

While serving his federal sentence, Raney then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Wisconsin, Green Bay Division, challenging the validity of a detainer lodged against him by the State of Wisconsin. The district court found that Raney was not entitled to relief from the detainer and dismissed his petition. *Raney v. Hollingsworth*, No. 09-cv-292, 2009 WL 817113 (E.D. Wis. March 25, 2009). Raney also failed to appeal that decision.

In December of 2011, Raney also filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2), asking the trial court to eliminate his three-year term of supervised release. The trial court found that Raney was not entitled to relief under 18 U.S.C. § 3582(c)(2), or any other theory for that matter, and denied the motion for lack of jurisdiction. *United States v. Raney*, No. 01-cr-557 (N.D. Ill. Feb. 24, 2012).

## II. Renewed Challenges to Convictions and Revocation of Release

After serving two, concurrent 145-month terms of imprisonment, Raney began three-year, concurrent terms of supervised release in the Northern District of Illinois on February 10, 2012. Jurisdiction over Raney was transferred to this district on July 27, 2012. Since then, Raney has continued to file challenges to his convictions and sentences.

On August 14, 2012, Raney filed another round of challenges to his conviction and sentence under 28 U.S.C. §§ 2241 and 2255, as well as 18 U.S.C. § 3582(c)(2). This court denied relief because: (1) his § 2255 motion was an unauthorized successive petition; (2)

he could not rely on § 2241 for relief having failed to show that § 2255 was inadequate or ineffective to challenge his conviction or sentence; and (3) he did not raise any claims that would fall under § 3582(c)(2). (Dkt. #9 in 12-cv-584-wmc.)

On October 4, 2013, Raney next appeared before this court on the probation office's petition for judicial review of his supervised release. The court found that Raney had violated the conditions of his supervision by: possessing a two gigabyte memory stick without permission from his supervising probation officer; and associating with convicted felon Timmy J. Reichling, again without permission. The defendant's term of supervised release was nevertheless continued with the express provision that: (1) he must remain in strict compliance with all terms and conditions of his release as previously imposed; and (2) any contact, direct or indirect, in person or via other technology with Mr. Reichling would itself constitute a revocable offense unless that contact was approved in advance and in writing by the probation office or was arranged through defendant's legal counsel.

On October 14, 2014, Raney appeared for another judicial review hearing. The court again found that Raney had violated terms of his supervised release, including that: he had received permission to travel outside the district but had failed to tell his probation officer that he would be travelling with minor children; and he had been associating with minor children for several months without the knowledge of his probation officer. Following the hearing, the court revoked Raney's supervised release and sentenced him to 9 months' prison to be followed by 24 months' supervised release. (Dkt. #25 in 12-cr-100.) Raney immediately filed notice appealing the revocation and conditions of his renewed supervised release.

### III. Further Challenges to Underlying Convictions and Release Conditions

On March 17, 2015, while his appeal was still pending, Raney filed three more motions in his criminal case, Case No. 12-cr-100: (1) a request for a new judge and a new hearing on revocation (dkt. #40); (2) a request for stay of the revocation pending his Seventh Circuit appeal (dkt. #39); and (3) a motion to vacate the revocation order under 28 U.S.C. § 2255 (dkt. #41). The § 2255 motion was also docketed under Case No. 15-cv-174-wmc. The court denied all three motions. With respect to the motion under § 2255 in particular, the court dismissed the motion as premature while Raney's direct appeal was still pending. (Dkt. #45). On August 12, 2015, the Seventh Circuit also upheld revocation of defendant's supervised release, but granted the appeal with respect to the sentencing and conditions of supervised release, and remanded the case to this court for resentencing. *United States v. Raney*, 797 F.3d 454 (7th Cir. Aug. 12, 2015).

On September 20, 2015, after the Seventh Circuit's decision but before the resentencing hearing was held, Raney filed yet another motion in the Northern District of Illinois to "Set Aside or Stay Sentence Pending the Results of the 2255 Motion Filed with this Court." The Northern District construed the motion as one for relief under 28 U.S.C. § 2255, transferring it to this court. (*Raney v. United States*, 15-cv-639-wmc.) A couple of weeks later, Raney filed petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this court, once again attempting to raise various challenges to his underlying conviction, as well as to the revocation of his supervised release. (*Raney v. United States*, 15-cv-663-wmc.)

The court held a resentencing hearing on November 6, 2015, in accordance with the Seventh Circuit's instructions. After that hearing, the court again concluded that a 9-

month period of incarceration and a 24-month term of supervised release was appropriate. The court also held that all standard and special conditions of supervised release previously imposed were appropriate, with some modifications. By this time, Raney had already served his 9-month period of incarceration, meaning the sole effect of resentencing was to reinstate the two years of supervised release under the same conditions as before. (Dkt. #61 in 12-cr-100-wmc).

On November 16, 2015, Raney filed a notice of appeal with the Seventh Circuit, once again purporting to challenge the procedural soundness of his sentence, as well as imposition of a condition of supervised release that requires him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." On December 2, 2015, Raney filed a new motion under *Raney v. United States*, 15-cv-782-wmc. He also filed a "motion to set aside or stay sentence or grant a new hearing pending the results of the § 2255" motion, as well as a "motion for a new judge" in all of his open cases. The Seventh Circuit affirmed Raney's resentencing on December 1, 2016. *United States v. Raney*, 842 F.3d 1041 (7th Cir. 2016).

OPINION

I.  Motions for a New Judge (Dkt. #70 in 12-cr-100-wmc; dkt. #3 in 15-cv-782-wmc; dkt. #6 in 15-cv-663-wmc).

Raney requests that a new judge be appointed for all of his cases on the ground that this court has "repeatedly violated [his] due process rights." Raney's motion will be denied. Under 28 U.S.C. § 455, recusal is necessary in a number of circumstances, including when a judge's impartiality might reasonably be questioned, or when he or she has a personal

bias or prejudice concerning a party. As the court already explained to Raney in its June 11, 2015, order denying his request for recusal, Raney has identified no valid grounds for recusal:

> This court's impartiality cannot reasonably be questioned, and the court holds no personal bias or prejudice against Raney. The court's order revoking Raney's supervised release was the direct result of Raney's repeated misbehavior, recommendations of his supervising probation officer, and the court's interest in holding defendant accountable, protecting the community and providing deterrence. Following admission of evidence, as well as a lengthy exchange with counsel for both sides, the court also gave Raney the opportunity to address the court before rendering its decision, which he did. (Tr. of 10/8/14 Judicial Review, Dkt. #31, at 85-85.)
>
> Clear and convincing evidence supports the court's conclusion that on multiple occasions Raney violated a fundamental condition of the terms of his supervised release, which was to provide truthful information to his supervising probation officer. Moreover, in imposing a sentence for the violations, the court did not exceed its discretion, arriving at a sentence near the middle of the guideline range. Nothing in the record, nor the court's recollection of these proceedings indicates that this matter should not continue before me.

(Dkt. #44, in 12-cr-100-wmc.)

In his most recent motion, Raney identifies no new or valid basis for recusal, stating only that this court has "repeatedly violated [his] due process rights." He also provides no support for this statement. Accordingly, Raney's motion for a new judge will be denied.

## II. Motion under 28 U.S.C. § 2255 to Vacate Revocation and Sentencing (Case No. 15-cv-782-wmc).

On December 2, 2015, Raney filed a motion under 28 U.S.C. § 2255, challenging his revocation and resentencing on 18 separate grounds:

(1) the court erroneously admitted the results of a polygraph as evidence;

(2) the court prohibited him from speaking on his own behalf;

6

(3) the rules of his supervised release were confusing and contradictory;

(4) he did not lie to his probation officer;

(5) his home was illegally searched;

(6) the government presented false evidence against him to obtain a warrant;

(7) the court entered rules of supervised release without proper notice;

(8) the government presented false evidence at the revocation hearing;

(9) the government presented false evidence at the detention hearing;

(10) the court admitted hearsay evidence related to the polygraph tests;

(11) his probation officer gave false testimony at the revocation hearing;

(12) the court failed to review his rules of supervised release before concluding that he had violated them;

(13) his counsel was ineffective at the revocation hearing;

(14) his counsel was ineffective on appeal of revocation;

(15) his probation officer violated his right to privacy;

(16) this court has an unfair bias against him;

(17) his probation officer entrapped him; and

(18) the requirement to report contacts with minors violates his right against self-incrimination.

Because Raney is not challenging his underlying conviction, the motion is not an unauthorized "second or successive" motion. *Suggs v. United States*, 705 F.3d 279, 282–83 (7th Cir. 2013) (§ 2255 "motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction"). On the other hand, several of Raney's grounds

7

for relief are subject to immediate dismissal because they are not properly raised in a § 2255 motion.

As the Seventh Circuit has stated many times, § 2255 motions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). As a general rule, they are to be used only for raising alleged errors of law that (1) are jurisdictional or constitutional in nature or (2) amount to a fundamental defect that results in a complete miscarriage of justice. *Reed v. Farley*, 512 U.S. 339, 353–54 (1994). Therefore, a § 2255 motion cannot raise: (1) issues that were raised and decided on direct appeal in the absence of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal but were not; or (3) constitutional issues that were not raised on direct appeal, unless the movant can establish cause for the default as well as actual prejudice from the failure to appeal. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). An argument that could have been made on direct appeal but was not is also procedurally defaulted. *See Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003).

Several of the claims included in Raney's § 2255 motion are subject to dismissal under these principles. In particular, the Seventh Circuit already considered and rejected claims 1 and 10 concerning the polygraph evidence and claim 4 regarding proof that he lied to his probation officer; *United States v. Raney*, 797 F.3d 454, 462 (7th Cir. 2015). Raney cannot raise these arguments again in a § 2255 motion because he has identified no changed circumstances.

8

Next, the following claims are procedurally defaulted because Raney failed to raise them on direct appeal: claims 2, 3, 5, 6, 7, 8, 9, 11, 12, 15, 16, 17 and 18. Raney could have raised these claims on direct appeal, but did not. Nor does he explain why. Thus, he has procedurally defaulted these claims.[2]

This leaves claims 13 and 14, alleging that his counsel at revocation and on appeal from revocation were ineffective. In most circumstances, claims of ineffective assistance of counsel may be brought in a § 2255 motion regardless whether the claim was raised on appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Having cleared that hurdle, however, Raney's claims of ineffective assistance of counsel fail on the merits.

Claims for ineffective assistance of counsel are analyzed under a standard first articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984). To prevail under this standard, a defendant must demonstrate (1) a constitutionally deficient performance by counsel and (2) actual prejudice as a result of that deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

Raney argues that counsel was ineffective at the revocation hearing because: (1) he failed to object to the polygraph evidence; and (2) he failed to ensure that Raney had the opportunity to present his side of events. As for appellate counsel, Raney argues that counsel failed to raise arguments about the polygraph evidence, the denial of Raney's right to speak on his own behalf, and the insufficiency of the evidence supporting revocation. The court need not analyze counsel's performance on each of these issues, however,

---

[2] District courts have discretion to consider procedural default *sua sponte*. *See Varela v. United States*, 481 F.3d 932, 936 (7th Cir. 2007).

because Raney can show *no* prejudice resulting from counsel's performance on these issues. With respect to the polygraph evidence, the court did not rely on that evidence when revoking Raney's supervised release or resentencing him. *See Raney*, 797 F.3d at 463 (noting that polygraph evidence "did not affect the outcome of the district court proceedings"). As for Raney's argument that counsel should have done more to present Raney's version of events or allow Raney to speak on his own behalf, Raney has identified no evidence that counsel failed to present or any statements that Raney could have made that would have altered the court's decision at the revocation or sentencing hearings. Moreover, Raney *was* given a chance to speak directly to the court before resentencing. Finally, as this court has explained multiple times, there was ample evidence to support a finding that Raney's violations of the conditions of his supervised release were sufficiently serious to warrant revocation. Accordingly, Raney cannot sustain any claim for ineffective assistance of counsel. For these reasons, his motion for relief under § 2255 must be denied.

III. **Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed in Case No. 15-cv-663-wmc.**

In addition to his motion under § 2255, Raney has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he purports to yet again challenge his 2003 conviction on the grounds that: (1) the government entrapped him; and (2) he has been denied access to evidence that was presented at trial. He also challenges the revocation of his supervised release on the grounds that: (1) he was not properly served with court motions or papers by this court; and (2) he was not given proper notice of the

conditions of supervised release he was accused of violating. Because none of these arguments are properly raised in a petition under § 2241, his petition will be denied.[3]

A defendant has limited avenues of relief from a federal conviction once it has become final. After a defendant has completed a direct appeal, or his time to appeal has expired, a motion under 28 U.S.C. § 2255 is generally the "exclusive" means for a federal prisoner to challenge the validity or imposition of his sentence. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). In a "narrow class of cases," a federal prisoner may challenge his conviction and sentence under § 2241, but only if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Id.* at 648; *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255). The "savings clause" authorizes a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Seventh Circuit has explained that, in order to fit within the savings clause, a petitioner must generally meet three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). First, he must show that he relies on a new case of statutory interpretation. *Id.* Second, he must show that the case applies retroactively. *Id.* Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*; *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

---

[3] Even if this were not so, the assertions are facially frivolous.

In *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit reemphasized that "there must be some kind of structural problem with § 2255 before § 2241 becomes available. In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *Id.* at 1136. The test remains whether Section 2255 is an inadequate or ineffective remedy, meaning whether it allows the petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.* (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)).

Raney does not qualify under the savings clause. He has identified no new case of statutory interpretation nor any fundamental defect in his conviction or sentence. On the contrary, Raney is attempting to raise challenges that could have been raised on direct appeal or in his initial § 2255 motion, but did not, or claims that he *did* raise on direct appeal already and lost. Under these circumstances, Raney does not show that § 2255 was, or is, inadequate or ineffective to test the validity of his sentence. Because Raney does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241, and his petition for a writ of habeas corpus must be dismissed. His motion to stay his sentence pending the results of his § 2241 petition will likewise be denied.

**IV.** **Motion to "Set Aside or Stay Sentence" (Dkt. #1 in 15-cv-639-wmc; dkt. #2 in 15-cv-782-wmc).**

Raney filed a motion in the Northern District of Illinois to "set aside or stay [his] sentence pending the results of the 2255 motion filed with the court." As grounds for the motion, he argues that his sentence should be stayed because: (1) he has a verifiable

residence; (2) a good job with a good attendance record; (3) is the sole provider for his mother; and (4) has not committed any new crimes. Because the Northern District no longer had jurisdiction over Raney, it transferred the motion to this court, which it docketed in a new case, Case No. 15-cv-639-wmc. At the time he filed the motion, however, Raney did not have any motion under § 2255 or any appeal pending in any court. As a result, the court could not have granted the relief requested in the motion, even if it had been inclined to do so. Accordingly, there was no basis for this motion and it will be denied. Because this motion is the only item that has been filed in Case No. 15-cv-639, that case will be closed.

Raney filed a similar motion to "set aside or stay" his sentence in conjunction with his § 2255 motion in Case No. 15-cv-782-wmc, asking that the court set aside the revocation of his supervised release until his § 2255 motion and appeal has been resolved. This is essentially a motion to stay under Fed. R. Crim. 46(c) and 18 U.S.C. § 3143(b). Rule 46(c) explains that to prevail on a request to be released from custody pending appeal, the defendant has, among other things, the "burden of establishing that [he] will not . . . pose a danger to any other person or the community."

On June 11, 2015, the court denied a similar motion filed by Raney while his previous appeal was pending. (Dkt. #44 in 12-cr-100-wmc). The court will deny this motion for the same reasons. In light of Raney's underlying crimes, his repeated violations of the terms of his supervised release, and his untruthfulness, the court is not persuaded that Raney presents no danger to any person or the community.

## V. Motion for a New Probation Officer

Finally, on October 11, 2016, Raney filed a request that a new probation officer be assigned to his case on the grounds that his current probation officer has violated his rights and lied about him to the court. (Dkt. #80 in 12-cr-100.) Raney's motion lacks any factual basis, however, and will be denied.

## VI. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated above, reasonable jurists would not debate whether Raney's claims are meritless. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

(1) Kenneth Jay Raney, Sr.'s Motions for a New Judge (dkt. #70 in 12-cr-100-wmc; dkt. #6 in 15-cv-663-wmc; dkt. #3 in 15-cv-782-wmc) are DENIED.

(2) Raney's Motions to Set Aside or Stay Sentence (dkt. #69 in 12-cr-100-wmc; dkt. #2 in 15-cv-663-wmc; dkt. #2 in 15-cv-782-wmc; dkt. #1 in 15-cv-639-wmc) are DENIED. The clerk of court is directed to enter judgment against Raney in Case No. 15-cv-639-wmc and close that case.

(3) Raney's Motion to Vacate Under 28 U.S.C. § 2255 (dkt. #68 in 12-cr-100-wmc; dkt. #1 in 15-cv-782-wmc) is DENIED. The clerk of court is directed to enter judgment against Raney in Case No. 15-cv-782-wmc and close that case.

(4) Raney's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (dkt. #1 in 15-cv-663-wmc), is DENIED. The clerk of court is directed to enter judgment against Raney in Case No. 15-cv-663-wmc and close that case.

(5) Raney's Motion for a New Probation Officer (dkt. #80 in 12-cr-100-wmc) is DENIED.

(6) A certificate of appealability is also DENIED. Raney may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 2nd day of June, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge